UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD WILLIAM HYDE ]<br>    Plaintiff, ]<br>    ]<br>v. ]<br>    ]<br>WARDEN LEIBACH, et al. ]<br>    Defendants. ] | No. 3:12-0366<br>Judge Sharp |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Warden Leibach and Assistant Warden Corlew, seeking injunctive relief and damages.

The plaintiff alleges that the Detention Center allows inmates to order pizza and chicken wings as a reward for not fighting amongst themselves. This policy, though, is applicable only to those inmates who can afford the pizza and chicken wings. The plaintiff alleges that this policy discriminates against indigent inmates who can not afford to pay for the reward.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

An equal protection claim requires more than a simple showing that other inmates are being treated differently than the plaintiff. Booher v. U.S. Postal Service, 843 F.2d 943,944 (6th Cir.1988). Rather, the plaintiff must also demonstrate that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." Newell v. Brown, 981 F.2d 880,887 (6th Cir.1992), *cert. denied,* 510 U.S. 842 (1993).

In this instance, the plaintiff simply alleges that he is being treated differently than other inmates at the Detention Facility. But inmates are not a suspect class for equal protection purposes. Michael v. Ghee, 498 F.3d 372,379 (6th Cir.2007), *cert. denied*, 128 S.Ct. 2067 (2008). As a consequence, the plaintiff has failed to allege an equal protection violation.

Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. Plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                              _____
                                              Kevin H. Sharp
                                              United States District Judge